IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60468
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNIE HOWARD McPHAIL, ET AL.,

Defendants,

LOU CAROLYN McPHAIL and
SARAH TRILBY McPHAIL,

Defendants-Appellants.

_____

Appeal from the United States District Court for the
Northern District of Mississippi
(3:92-CR-044)
_____

July 17, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this appeal from denial of relief under 28 U.S.C. § 2255, Sarah and Lou Carolyn McPhail contend that the Supreme Court's December 1995 decision in <u>Bailey v. United States</u>, 116 S.Ct. 501 (1995), requires that their convictions on Count 6 of the indictment be reversed. They argue that, in the light of <u>Bailey</u>,

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the evidence was insufficient to support their convictions under 18 U.S.C. § 924(c)(1) and that the district court incorrectly instructed the jury on the elements of the offense.

Citing <u>United States v. Graham</u>, 688 F.2d 746, 747 (11th Cir. 1982), the government has filed a Confession of Error in lieu of an appellate brief on the merits. The government asserts that, under <u>Bailey</u>, there was insufficient evidence to sustain the jury's verdict on the firearms count. The government concedes that "[t]he only evidence of record concerning the use or carriage of the six firearms charged against the Appellants is the testimony of the seizing officers that they were found loaded in unspecified locations" in the McPhails' home. The government states that it does not oppose the vacation of the appellants' convictions and sentences on Count 6 of the indictment for using and carrying a firearm in relation to a drug trafficking crime.

Accordingly, the convictions and sentences under 18 U.S.C. § 924(c)(1), as reflected in Count 6 of the indictment, are VACATED as to each appellant and the case is REMANDED to the district court for resentencing.

VACATED and REMANDED.